**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISON**

| | | |
|---|---|---|
| **SUYAPA TAYLOR,** | ) | |
| **20633 Marsh Ct.** | ) | |
| **Sterling, Virginia 20165** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MARIA ELENA ULLOA BARAHONA,** | ) | |
| **20633 Marsh Ct.** | ) | |
| **Sterling, Virginia 20165** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **U.S. Attorney's Office, Room 5510** | ) | **JURY TRIAL DEMANDED** |
| **400 East 9th Street,** | ) | |
| **Kansas City, Missouri 64106** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **PAUL ERIC DECHIR,** | ) | |
| **in his individual capacity** | ) | |
| **10205 N. Highland Terr.** | ) | |
| **Kansas City, Missouri 64155** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **PATRICK W. THORNBRUGH,** | ) | |
| **in his individual capacity** | ) | |
| **1409 Anna Cir.** | ) | |
| **Smithville, Missouri 64089** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>COMPLAINT</u>

Plaintiffs Suyapa Taylor and Maria Elena Ulloa Barahona, for their Complaint for

Damages against Defendants Paul Eric Dechir (in his individual capacity), Patrick W.

Thornbrugh (in his individual capacity), and the United States of America, allege and state as follows.

## Introduction

Plaintiffs Suyapa Taylor and Maria Elena Ulloa Barahona are sisters originally from Taulabe, in Central Honduras. San Pedro Sula is about two and a half hours north of Taulabe and until early 2016, was known as the murder capital of the world. See https://en.wikipedia.org/wiki/San_Pedro_Sula (accessed on November 30, 2022). Cartel-related crime and kidnappings are common in Honduras and in Plaintiffs' hometown. Both Plaintiffs have heard throughout their lives of stories of "fake police" abducting men, women, and children.

Plaintiffs Suyapa Taylor and Maria Elena Ulloa Barahona were visiting family in Missouri late-October of 2021. On the morning of October 25, 2021, Suyapa Taylor (54 years old) and Maria Elena Ulloa Barahona (64 years old) got out of their car to enjoy a peaceful walk at Happy Rock Park in Gladstone, Missouri. As they exited their car, Plaintiffs were violently attacked by Immigration and Custom Enforcement ("ICE") agents Paul Dechir and Patrick Thornbrugh. Suyapa Taylor was then unlawfully attacked, kidnapped, and detained. Maria Elena Ulloa Barahona was unlawfully assaulted and escaped an alleged kidnapping.

Both Suyapa Taylor and Maria Elena Ulloa Barahona feared for their lives and believed that they were going to die from the excessive force of ICE agents Paul Dechir and Patrick Thornbrugh by tackling, grabbing, punching, dragging, pushing, forcing, throwing, smacking, and shoving both Plaintiffs and then abducting and detaining Suyapa Taylor in an unmarked gray Dodge Charger.

Paul Dechir and Patrick Thornbrugh caused serious injuries to Plaintiffs including but not limited to fractures, bruises, contusions, red and swollen body parts, scrapes, severe pain, numbness, and emotional trauma. Plaintiffs sought emergency medical treatment immediately after Defendants finally released Plaintiff Suyapa Taylor out of the Dodge Charger while the City of Gladstone Police were awaiting her return to Happy Rock Park.

This is an action for damages seeking redress for serious injuries caused by the tortious conduct of United States Government officials. This Complaint arises out of the intentional, violent, and unlawful attacks on Plaintiffs and kidnapping and detainment of Plaintiff Suyapa Taylor by ICE agents Paul Dechir and Patrick Thornbrugh on October 25, 2021. Plaintiffs Suyapa Taylor and Maria Elena Ulloa Barahona seek judgment against the United States of America for their torts of assault, battery, false arrest, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and negligent supervision due to the unlawful acts by ICE agents Paul Dechir and Patrick Thornbrugh.

Plaintiffs also seek judgment against Defendants, under the United States Constitution pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for excessive force and unlawful search and seizure in violation of the Fourth Amendment. Defendants Paul Dechir and Patrick Thornbrugh used excessive force in tackling, grabbing, punching, dragging, pushing, forcing, throwing, smacking, and shoving Plaintiffs causing serious injury and emotional trauma.

## Jurisdiction and Venue

1.      The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1331, and 28 U.S.C. § 1346(b) for money damages as compensation for personal injuries and emotional trauma that were caused by the

3

negligent and wrongful acts of Paul Dechir and Patrick Thornbrugh, employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States of America, if a private person would be liable to the Plaintiffs in accordance with the laws of the State of Missouri.

2.      This District Court has authority to issue declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, and under its inherent equitable powers.

3.      Venue is properly within this District under 28 U.S.C. § 1391(b) and (e), 28 U.S.C. § 1402(b), and L.R. 3.2(b)(2) as the acts complained herein occurred in Clay County, Missouri which is located in this judicial district.  Venue is also proper in the Western Division pursuant to L.R. 3.2(a)(1)(A).

4.      Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the FTCA.

5.      On January 6, 2022, Plaintiff Suyapa Taylor submitted her administrative tort claims to: i) U.S. Department of Homeland Security, ii) ICE, iii) U.S. Customs and Bordon Protection, iv) U.S. Department of Health and Human Services, and v) U.S. Citizenship & Immigration Services.  See Plaintiff Suyapa Taylor's administrative claim submitted on January 6, 2022 and attached as Exhibit 1.

6.      On January 20, 2022, Plaintiff Maria Elena Ulloa Barahona submitted her administrative tort claims to: i) U.S. Department of Homeland Security, ii) ICE, iii) U.S. Customs and Bordon Protection, iv) U.S. Department of Health and Human Services, and v) U.S. Citizenship & Immigration Services.  See Plaintiff Maria Elena Ulloa Barahona's administrative claim submitted on January 20, 2022 and attached as Exhibit 2.

4

7.      Six months have passed since the filing of Plaintiffs' administrative claims without action by the agencies including a final written disposition of their administrative claims.

8.      Plaintiffs have exhausted all of their administrative remedies under 28 U.S.C. § 2675(a).  This Complaint has been timely filed.

## Parties

9.      Plaintiff Suyapa Taylor ("Sue") is an individual, American citizen, and resident of 20633 Marsh Court, Sterling, Virginia 20165. Sue has been a resident of Virginia for over twenty-four years.

10.     Plaintiff Maria Elena Ulloa Barahona ("Maria") is an individual and resident of 20633 Marsh Court, Sterling, Virginia 20165 with a ten-year visa subject to six-month stays in the United States.

11.     Defendant United States of America is the appropriate Defendant being sued under the FTCA for the tortious actions of its employees, Paul Dechir and Patrick Thornbrugh. Paul Dechir and Patrick Thornbrugh are officers or agents employed by ICE.  Paul Dechir and Patrick Thornbrugh (hereinafter "ICE agents") are investigative or law enforcement officers of the United States, as defined by 28 U.S.C. § 2680(h). Paul Dechir and Patrick Thornbrugh are empowered by law to execute searches, seize evidence, or to make arrests for violations of federal law.

12.     Defendant Paul Dechir is an employee and commissioned law enforcement officer of ICE.  Paul Dechir is being sued under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) in his individual capacity only.  Paul Dechir acted under color of state law at all times relevant to this Complaint.

13.     Defendant Patrick Thornbrugh is an employee and commissioned law enforcement officer of ICE.  Patrick Thornbrugh is being sued under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) in his individual capacity only.  Patrick Thorbrugh acted under color of state law at all times relevant to this Complaint.

14.     This Complaint for Damages involves various FTCA tort claims arising from horrific, violent, and unlawful actions conducted by Paul Dechir and Patrick Thornbrugh on October 25, 2021.

## Factual Allegations

15.     On the morning of October 25, 2021, Sue drove – along with Maria – a rental vehicle to Happy Rock Park to go for a recreational jog and walk.

16.     Sue and Maria had left their identification and purses in the rental car before they attempted to go for a jog and walk.

*Paul Dechir and Patrick Thornbrugh Violently and Unlawfully Attack Sue and Maria*

17.     After parking the vehicle, Sue and Maria were ambushed and violently grabbed by Paul Dechir and Patrick Thornbrugh within seconds of exiting the rental vehicle and without warning.

18.     Paul Dechir and Patrick Thornbrugh were wearing civilian clothes with no visible badges.

19.     Paul Dechir and Patrick Thornbrugh never requested identification from Sue and Maria, revealed a warrant to them for inspection, or informed them of their rights prior to the violent and unlawful attack.

20.     While Sue and Maria were being ambushed, Patrick Thornbrugh punched Maria with a closed fist on the right side of her face, pushed, and shoved her down onto the parking lot. See the City of Gladstone, Missouri Police Report attached as Exhibit 3, at 5.

21.     After Maria got up in an attempt to save her sister, Patrick Thornbrugh then tackled Maria back onto the ground causing her to strike the back of her head on the concrete and landing forcefully on her back.  See Exhibit 3, at 5.

22.     While Maria was lying on the parking lot, Paul Dechir and Patrick Thornbrugh forcibly grabbed and dragged Sue towards an unmarked four-door Dodge Charger sedan.

23.     While being dragged towards the unmarked Dodge Charger, Sue screamed that she and Maria are from Virginia and visiting family, yelled out both of their own names, and cried out that she was being kidnapped by two men.

24.     Maria also screamed for help fearing that Sue was going to be killed by Paul Dechir and Patrick Thornbrugh.

25.     Maria then attempted to defend herself from Paul Dechir and Patrick Thornbrugh and protect Sue.

26.     Maria, in her mid-60s, was able to escape Paul Dechir and Patrick Thornbrugh's attempted kidnapping and fled from the scene in an attempt to get help and save her sister.

27.     Sue, however, was handcuffed by Paul Dechir and Patrick Thornbrugh while being pulled, dragged, and thrown forcefully two separate times in the backseat of the unmarked Dodge Charger.

28.     During the abduction, Paul Dechir and Patrick Thornbrugh never showed Sue or Maria any warrant or written documentation that indicated they had a legal right to arrest and/or detain her.

7

29.     Further, Paul Dechir and Patrick Thornbrugh never identified themselves by name or adequately as ICE agents.

*Paul Dechir and Patrick Thornbrugh Forced Sue Into and Detained Sue in the Unmarked Dodge Charger*

30.     Sue was forcibly thrown into the backseat of the Dodge Charger. <u>See</u> the photo of Paul Dechir and Patrick Thornbrugh forcing Sue into the Dodge Charger attached as Exhibit 4.

31.     While in the unmarked vehicle, Sue was able to free her right hand out of the handcuffs.

32.     Paul Dechir noticed Sue's uncuffed right hand and forcefully handcuffed her a second time.

33.     Both of Paul Dechir's handcuffing caused Sue serious nerve impact and deep bruising to her wrists and right hand. <u>See</u> Exhibit 3 at p. 5 and below.

> Suyapa sustained injuries to her right arm and hand. She had bruises on her shoulder, arms, and wrist. She had strong pain and numbness on her right arm and was having trouble lifting it up or feeling pressure on her fingertips. Her wrists were also red and swollen from being put in cuffs by the two agents while she was inside the vehicle.

34.     Maria witnessed Sue being forcibly thrown into the backseat of the Dodge Charger. <u>See</u> the photo of Paul Dechir and Patrick Thornbrugh forcing Sue into the Dodge Charger attached as Exhibit 4 and below.

8



35.　　A male witness, Christian Wright, saw and documented Paul Dechir and Patrick Thornbrugh's abduction and excessive force against Sue and Maria (and detainment of Sue) and provided his above photo to the City of Gladstone Police Officers. See Exhibits 3 and 4.

36.　　Paul Dechir and Patrick Thornbrugh then slammed Sue's head against the transport cage bar of the backseat of the Dodge Charger. Paul Dechir drove Sue away from Happy Rock Park.

37.　　Maria also witnessed Paul Dechir and Patrick Thornbrugh slam Sue's head against the transport cage bar of the backseat of the Dodge Charger.

38.　　Patrick Thornbrugh followed behind Paul Dechir in the unmarked black Jeep Cherokee.

39.　　While being wrongfully detained in the backseat of the Dodge Charger, Sue pretended to call her husband, Robert Taylor, from her watch phone for help and in order convince Paul Dechir to free her from the vehicle.

40.　　During Sue's "call" with her husband, she screamed, "Bob, I'm being kidnapped."

41.　　Sue begged Paul Dechir to let her go as she pleaded that she has two children, a husband, and money.

42.     Sue asked Paul Dechir if he had children and begged him again to release her because she wanted to survive in order to take care of her two children.

43.     Sue demanded that Paul Dechir show her his badge.

44.     Paul Dechir flipped a badge over his shoulder while driving but quickly pulled it away before Sue was able to fully see and inspect it.

45.     Sue continued to scream at Paul Dechir that he had the wrong person and that she was a citizen named Suyapa "Sue" Taylor from Virginia.

46.     Sue repeatedly screamed at Paul Dechir to let her go.

47.     Paul Dechir then proceeded to blare loud music in the Dodge Charger so no one, including himself, could hear Sue's repeated plea for her release and safety.

48.     While Sue was continuing to scream that she had been kidnapped against her will to her husband through her watch phone, Paul Dechir proceeded on a highway to an undisclosed location.

49.     Sue was detained against her will and consent in the Dodge Charger for approximately fifteen minutes.

*Paul Dechir and Patrick Thornbrugh Detained Sue at the ICE Building*

50.     After approximately fifteen minutes of being detained in the Dodge Charger, Paul Dechir pulled up to an isolated building and parked in the garage.

51.     Sue believed that she was going to die once the garage door closed.

52.     Both Paul Dechir and Patrick Thornbrugh forced Sue to walk up a flight of stairs and into a dark open area where no other persons were located inside the undisclosed building.

53.     While demanded to go into the dark open area, Sue screamed at Paul Dechir, "do not touch me."

10

54.     Paul then turned on the lights where then Sue noticed a table, some computers, and three glass cells.

55.     Sue was then detained in one of the glass cells.

56.     While Sue was detained in the cell, she repeatedly screamed, "I am Suyapa 'Sue'" and "you have the wrong person."

57.     While in the cell, Sue was forcibly searched by an unidentified woman without her consent.

58.     During this time, Paul Dechir stood outside of the cell and watched Sue.

59.     Once the unidentified female agent completed the search, she turned to Paul Dechir with her finger pointed at his chest and yelled, "[y]ou've got the wrong person!"

60.     Paul Dechir fingerprinted Sue twice and took a photo of her.

61.     During the photo, Paul Dechir mocked Sue by saying "Oh, you want to look pretty now" when Sue pulled back her hair to make sure her bloodied and swollen head injury would be documented in the photo.

62.     After being fingerprinted and photo taken, Sue was finally able to call her husband, Robert, and told him that she was kidnapped and held captive against her will by two men.

63.     Sue was detained in the ICE building, including the cell, for approximately thirty minutes without her consent and against her will.

64.     Neither Paul Dechir and Patrick Thornbrugh nor any of the persons at the ICE building expressed regret or remorse to Sue about the trauma and pain they caused towards her.

*Paul Dechir Detained Sue a Second Time in the Unmarked Dodge Charger*

65.     Paul Dechir forced Sue into the unmarked Dodge Charger from the ICE building.

66.     Paul Dechir drove Sue back to Happy Rock Park.

67.     During the drive, Paul Dechir was occupied on multiple calls.

*Maria's Plea for Help to Save Kidnapped Sue*

68.     While Paul Dechir and Patrick Thornbrugh had kidnapped and detained Sue from Happy Rock Park, Maria ran for help and attempted to flag down nearby drivers since she was unable to unlock Sue's phone to call 911 for help.

69.     Maria screamed at pedestrian drivers that two men kidnapped her sister.

70.     Maria successfully stopped a male, Robert Roth, and told him that her sister had been taken by two men.

71.     Robert Roth proceeded to follow the Dodge Charger until Paul Dechir escaped on Missouri Highway 152.

72.     Robert Roth then called the police and provided dispatch with a description of the Dodge Charger.

*Paul Dechir is Forced to Release Sue from Detainment*

73.     Gladstone Police Detectives soon followed Paul Dechir with their lights and sirens activated.

74.     Upon arrival back to Happy Rock Park, Sue witnessed multiple City of Gladstone Police cars.

75.     Paul Dechir was finally forced to release Sue out of the Dodge Charger.

76.     Sue was detained for a second time in Dodge Charger for approximately fifteen minutes without her consent and against her will.

77.     The City of Gladstone Police Officers investigated and interviewed both Sue and Maria on October 25, 2021.

78.     Sue, while in distress, cried to the City of Gladstone Police Officers that "she is a person too and she had been treated like an animal." Exhibit 3, at 4.

79.     The City of Gladstone Police Officers also investigated and interviewed both Paul Dechir and Patrick Thornbrugh on suspicion of kidnapping on October 25, 2021.

80.     Paul Dechir told the City of Gladstone Police that he and Patrick Thornbrugh "had grabbed Suyapa by mistake." See Exhibit 3, at 2-3.

81.     Paul Dechir also told the City of Gladstone Police that he had "appeared to have mistaken [Sue] Taylor for [a relative], who was not on scene" and allegedly "advised [Sue] Taylor that her family member had a [alleged] warrant for DUI and she need to take care of that as soon as possible." See Exhibit 3, at 4.

82.     The only time Paul Dechir and Patrick Thornbrugh identified themselves by their name and as Immigration Agents was to City of Gladstone Police Officer A. Steffen on October 25, 2021 and after they were forced to release Sue from the Dodge Charger at Happy Rock Park. See Exhibit 3, at 2.

*Injuries Sustained by Sue as a Result of Paul Dechir and Patrick Thornbrugh's Unlawful Attack, Kidnapping, and Detainment*

83.     Paul Dechir and Patrick Thornbrugh initiated an unlawful brutal attack and abduction on Sue.

84.     Paul Dechir and Patrick Thornbrugh also initiated an unlawful kidnapping of Sue.

85.     Paul Dechir and Patrick Thornbrugh further initiated an unlawful detainment of Sue while being held against her will in the Dodge Charger, building, and glass cell for approximately an hour.

86.     As a result of being violently attacked and abducted by Paul Dechir and Patrick Thornbrugh, Sue sustained serious bodily injuries.

87.     Sue was transported by ambulance to the North Kansas City Hospital where she received emergency medical assistance.

88.     Sue sustained physical injuries of bruises on her right arm, hand, and wrist and severe right shoulder pain with swelling. See the North Kansas City Hospital medical records attached as Exhibit 5 and see also Exhibit 3.

89.     Sue's injuries also include red and swollen body parts, scrapes, severe bodily pain, numbness, and emotional trauma.

90.     Sue is an avid runner who no longer feels safe to run or go outside of her Virginia home.

91.     Sue has also endured significant medical costs due to Paul Dechir and Patrick Thornbrugh's extreme brutality and mistaken identity against her.

92.     Sue continues to suffer from intense bouts of stress, sadness, depression, crying, fearfulness, lack of sleep, nightmares, and headaches from Defendants' forceful and brutal attack, kidnapping, and detainment against her will on October 25, 2021.

93.     The United States government and ICE agents Paul Dechir and Patrick Thornbrugh are responsible for their brutal actions involving the attack on Sue on October 25, 2021.

94.     The United States government and ICE agents Paul Dechir and Patrick Thornbrugh's tortious and negligent acts, omissions, and conduct caused Sue to suffer extreme and extended physical, mental, and emotional pain and distress.

*Injuries Sustained by Maria as a Result of Paul Dechir and Patrick Thornbrugh's Unlawful Conduct*

95.     Patrick Thornbrugh initiated an unlawful brutal attack and attempted abduction on Maria.

96.     As a result of being violently attacked and abducted by Patrick Thornbrugh, Maria sustained serious bodily injuries.

97.     Maria was transported by ambulance to the North Kansas City Hospital where she received emergency medical assistance.

98.     Maria sustained physical injuries of a contusion to the right side of her face where she was punched.  See the North Kansas City Hospital medical records attached as Exhibit 6 and see also Exhibit 3.

99.     Maria also sustained bruises, severe back pain from being tackled and shoved onto the ground, and an acute L4 burst fracture.  See the North Kansas City Hospital medical records attached as Exhibit 6.

100.    Maria's injuries also include red and swollen body parts, scrapes, severe bodily pain, numbness, and emotional trauma.

101.    Maria stated to the Gladstone Police that she "could not feel pressure on her back or feet and stated they felt numb."  Exhibit 3, at 5.

102.    Maria no longer feels safe to go outside of her Virginia home. Maria has also endured significant medical costs due to Patrick Thornbrugh's extreme brutality against her.

103.    Maria continues to suffer from intense bouts of stress, sadness, depression, crying, fearfulness, lack of sleep, nightmares, and headaches from Defendants' forceful and brutal attack against her will on October 25, 2021.

104.    Due to the brutal attack and conduct by Defendants and injuries sustained, Maria has spent significant time communicating with Immigration, filling out and sending additional paperwork to Immigration, participating in Biometric screening, and requesting additional time to extend her stay here in the United States.

105. The unwarranted attack and injuries sustained from Maria may also jeopardize her Immigration status by not allowing her to return to the United States of America to visit her family in Virginia and Missouri.

106. Defendants are responsible for their brutal actions involving the attack on Maria on October 25, 2021.

107. Defendants' tortious and negligent acts, omissions, and conduct caused Maria to suffer extreme and extended physical, mental, and emotional pain and distress.

*Paul Dechir and Patrick Thornbrugh Used Excessive Force in Violation of ICE's Policies*

108. ICE use of force policies are outlined in ICE 2019 National Detention Standards for Non-Dedicated Facilities and ICE 2011 Performance-Based National Detention Standards (Revised 2016) available at: https://www.ice.gov/detain/detention-management/2019 and https://www.ice.gov/detain/detention-management/2011 respectively.

109. The National Detention Standards for Non-Dedicated Facilities apply to ICE agent conduct in non-ICE facilities that hold ICE detainees, while the Performance-Based National Detention Standards apply to ICE agent conduct in ICE facilities.

110. Paul Dechir and Patrick Thornbrugh should have followed all use of force policies at all times while responsible for Sue and Maria on October 25, 2021.

111. ICE National Detention Standards mandate strict limitations on any use of force:

I.   **POLICY**

> For the purpose of these standards, force is defined as the physical actions necessary to overcome resistance, to gain control, contain, or restrain a detainee. The use of force is authorized only after all reasonable efforts to resolve a situation have failed. Officers shall use only the force necessary to gain control of the detainee; to protect and ensure the safety of detainees, staff, and others; to prevent serious property damage; and to ensure the security and orderly operation of the facility. Physical restraints

shall be used to gain control of an apparently dangerous detainee only under specified conditions.

See Standard 2.8.1 available at: https://www.ice.gov/detain/detention-management/2019 (accessed on November 30, 2022).

112.    Sue and Maria posed no risk to Paul Dechir and Patrick Thornbrugh on October 25, 2021.

113.    The use of force by Paul Dechir and Patrick Thornbrugh onto Sue and Maria was both shocking and excessive.

## COUNT I

## PLAINTIFF SUYAPA TAYLOR V. DEFENDANT UNITED STATES OF AMERICA

## FTCA – 28 U.S.C. § 1346(b)

## Assault and Battery

114.    Paragraphs 1-113 above are incorporated by reference as if set forth fully in Count I.

115.    Paul Dechir and Patrick Thornbrugh injured Sue by using excessive force by ambushing, grabbing, dragging, pushing, forcing, and shoving her and then kidnapping, abducting, and detaining Sue against her will for approximately an hour.

116.    Paul Dechir and Patrick Thornbrugh's conduct injuring Sue was unlawful and unjustified.

117.    Paul Dechir and Patrick Thornbrugh physically touched Sue.

118.    Paul Dechir and Patrick Thornbrugh's touching of Sue was unlawful and unjustified.

119.    Paul Dechir and Patrick Thornbrugh knowingly and intentionally made harmful and offensive contact with Sue's body by using excessive force by ambushing, grabbing,

dragging, pushing, forcing, and shoving her and then abducting, kidnapping, and detaining Sue against her will for almost an hour.

120.    Paul Dechir and Patrick Thornbrugh used more force than reasonably necessary.

121.    Paul Dechir and Patrick Thornbrugh's aggressive use of excessive force placed Sue in immediate apprehension of bodily harm and constituted tortious assault.

122.    Sue sustained severe injuries and damages, including, but not limited to past, present and future medical and psychiatric expense, emotional distress, and mental anguish and pain, including humiliation, embarrassment, depression, anxiety, anger, and lost enjoyment of life.

123.    Paul Dechir and Patrick Thornbrugh were at all relevant times ICE agents employed by Defendant United States of America and acting within the scope of their employment.

## COUNT II

## PLAINTIFF SUYAPA TAYLOR V. DEFENDANT UNITED STATES OF AMERICA

## FTCA – 28 U.S.C. § 1346(b)

## False Imprisonment and False Arrest

124.    Paragraphs 1-123 above are incorporated by reference as if set forth fully in Count II.

125.    Sue was handcuffed and detained inside a locked Dodge Charger for a total of approximately thirty minutes without her consent and against her will by Paul Dechir and Patrick Thornbrugh.

126.    Sue was handcuffed and detained inside at an ICE facility without her consent and against her will by Paul Dechir and Patrick Thornbrugh.

127.    Sue was detained and locked inside a glass cell without her consent and against her will by Paul Dechir and Patrick Thornbrugh and not free to leave.

128.    Sue was detained in the ICE facility and cell for approximately thirty minutes without her consent and against her will.

129.    Paul Dechir and Patrick Thornbrugh intentionally initiated an unlawful detainment of Sue inside the Dodge Charger, ICE facility, and glass cell without her consent and against her will for approximately an hour.

130.    Sue's confinement was complete at all times since she was handcuffed, locked inside the Dodge Charger, guarded in the ICE facility, and caged in the glass cell.

131.    Sue was conscious that she was confined.  Sue repeatedly requested to be released and that Defendants had the wrong person.

132.    Knowing that Paul Dechir and Patrick Thornbrugh's actions were unlawful and unjustified, Sue did not consent to their confinement.

133.    Sue was detained unlawfully by Paul Dechir and Patrick Thornbrugh.

134.    Sue's confinement was not privileged or justified.

135.    Sue has suffered damages, including physical injury and pain, and emotional trauma, as a result of Paul Dechir and Patrick Thornbrugh's illegal detention and confinement of Sue.

136.    Paul Dechir and Patrick Thornbrugh were at all relevant times ICE agents employed by Defendant United States of America and acting within the scope of their employment.

## COUNT III

## PLAINTIFF SUYAPA TAYLOR V. DEFENDANT UNITED STATES OF AMERICA

### FTCA – 28 U.S.C. § 1346(b)

#### Intentional Infliction of Emotional Distress

137.    Paragraphs 1-136 above are incorporated by reference as if set forth fully in Count III.

138.    Paul Dechir and Patrick Thornbrugh knowingly and intentionally caused Sue severe emotional distress by threatening, beating, yelling, pushing, and handcuffing Sue while she screamed in pain and pleaded for help.

139.    Paul Dechir and Patrick Thornbrugh's conduct was extreme and outrageous.

140.    Paul Dechir and Patrick Thornbrugh acted in an intentional, knowing, negligent, and/or or reckless manner in an attempt to cause Sue emotional distress, or Paul Dechir and Patrick Thornbrugh knew or should have known that their actions would result in Sue suffering serious emotional distress.

141.    Sue felt shame and humiliation from being beaten and abused.

142.    Sue was deeply shocked at Paul Dechir and Patrick Thornbrugh's willful and hateful violation of her basic human dignity.

143.    As a direct and proximate result of the conduct of Defendants, Sue suffered grievous injury and damage including, but not limited to past, present, and future medical and psychiatric expenses, emotional distress, and mental anguish and pain, including humiliation, embarrassment, depression, anxiety, anger, and lost enjoyment of life.

144.    Paul Dechir and Patrick Thornbrugh were at all relevant times ICE agents employed by Defendant United States of America and acting within the scope of their employment.

COUNT IV

**PLAINTIFF SUYAPA TAYLOR V. DEFENDANT UNITED STATES OF AMERICA**

**<u>FTCA – 28 U.S.C. § 1346(b)</u>**

**<u>Negligent Infliction of Emotional Distress</u>**

145.    Paragraphs 1-144 above are incorporated by reference as if set forth fully in Count IV.

146.    Paul Dechir and Patrick Thornbrugh had a duty to Sue to refrain from physical contact with her, and to promptly provide care and protection to Sue once they became aware of Sue's physical injuries.

147.    Paul Dechir and Patrick Thornbrugh had a duty to Sue to promptly report her physical injuries.

148.    Paul Dechir and Patrick Thornbrugh should have known that their conduct involved an unreasonable risk of causing emotional distress to Sue.

149.    Paul Dechir and Patrick Thornbrugh's actions involved an unreasonable risk to Sue that Defendants should have realized.

150.    Sue was detained with her injuries and without medical attention for approximately an hour.

151.    Paul Dechir and Patrick Thornbrugh failed to perform each of their duties identified above.

21

152. Sue's mental and emotional injuries and trauma arising from Paul Dechir and Patrick Thornbrugh's negligence are medically diagnosable and medically significant.

153. Paul Dechir and Patrick Thornbrugh's actions described above caused Sue extreme emotional distress.

154. The emotional distress sustained by Sue was severe and of such a nature that no reasonable person could be expected to endure it.

155. Sue suffered medically significant and diagnosable distress as a result of Defendants' actions.

156. Paul Dechir and Patrick Thornbrugh were at all relevant times ICE agents employed by Defendant United States of America and acting within the scope of their employment.

## COUNT V

## PLAINTIFF SUYAPA TAYLOR V. DEFENDANT UNITED STATES OF AMERICA

## FTCA – 28 U.S.C. § 1346(b)

## Negligence

157. Paragraphs 1-156 above are incorporated by reference as if set forth fully in Count V.

158. Paul Dechir and Patrick Thornbrugh had a duty to Sue to refrain from physical contact with her, and to promptly provide care and protection to Sue once they became aware of Sue's physical injuries.

159. Paul Dechir and Patrick Thornbrugh had a duty to Sue to promptly report Sue's physical injuries.

160. Defendants failed to perform each of their duties identified above.

161. As a result of Defendants' breach of their duties, Sue suffered damages.

162. Paul Dechir and Patrick Thornbrugh were at all relevant times ICE agents employed by Defendant United States of America and acting within the scope of their employment.

## COUNT VI

## PLAINTIFF SUYAPA TAYLOR V. DEFENDANT UNITED STATES OF AMERICA

### FTCA – 28 U.S.C. § 1346(b)

#### Negligent Supervision

163. Paragraphs 1-162 above are incorporated by reference as if set forth fully in Count VI.

164. Paul Dechir and Patrick Thornbrugh are both in an employee-employer relationship with Defendant United States of America as ICE agents.

165. Defendant United States of America had a duty to prevent its employees and/or its agents from causing physical harm to a third party, namely Sue.

166. Defendant United States of America breached its duty by failing to ensure its employees or agents do not illegally physically harm individuals like Sue.

167. Defendant United States of America failed to ensure that its employees and/or agents do not illegally physically harm individuals like Sue.

168. As a direct and proximate result of Defendant United States of America's negligent conduct, Sue suffered avoidable injuries and damages.

169. Defendant United States of America's negligence caused Sue to suffer extreme and extended physical, mental, and emotional pain and distress, including suffering medical expenses and other harms.

170.    Paul Dechir and Patrick Thornbrugh were at all relevant times ICE agents employed by Defendant United States of America and acting within the scope of their employment.

## COUNT VII

**PLAINTIFF MARIA BARAHONA V. DEFENDANT UNITED STATES OF AMERICA**

**FTCA – 28 U.S.C. § 1346(b)**

**Assault and Battery**

171.    Paragraphs 1-170 above are incorporated by reference as if set forth fully in Count VII.

172.    Patrick Thornbrugh injured Maria by using excessive force by ambushing, grabbing, punching, tackling, pushing, forcing, shoving, and attempting to kidnap her against her will.

173.    Patrick Thornbrugh's conduct injuring Maria was unlawful and unjustified.

174.    Patrick Thornbrugh physically touched Maria.

175.    Patrick Thornbrugh's touching of Maria was unlawful and unjustified.

176.    Patrick Thornbrugh knowingly and intentionally made harmful and offensive contact with Maria's body by using excessive force by punching, pushing, and shoving Maria.

177.    Maria sustained severe injuries and damages, including, but not limited to past, present and future medical and psychiatric expense, emotional distress, and mental anguish and pain, including humiliation, embarrassment, depression, anxiety, anger, and lost enjoyment of life.

178.    Maria felt shame and humiliation from being beaten and abused.

179.     Maria was deeply shocked at Patrick Thornbrugh's willful and hateful violation of her basic human dignity.

180.     Patrick Thornbrugh was at all relevant times an ICE agent employed by Defendant United States of America and acting within the scope of his employment.

**COUNT VIII**

**PLAINTIFF MARIA BARAHONA V. DEFENDANT UNITED STATES OF AMERICA**

**FTCA – 28 U.S.C. § 1346(b)**

**Intentional Infliction of Emotional Distress**

181.     Paragraphs 1-180 above are incorporated by reference as if set forth fully in Count VIII.

182.     Paul Dechir and Patrick Thornbrugh's conduct was extreme and outrageous.

183.     Paul Dechir and Patrick Thornbrugh knowingly and intentionally caused Maria severe emotional distress by threatening and yelling at Maria and for Patrick Thornbrugh punching, shoving, and pushing Maria while she screamed in pain and pleaded for help.

184.     Paul Dechir and Patrick Thornbrugh acted in an intentional, knowing, negligent, and/or or reckless manner in an attempt to cause Maria emotional distress, or Paul Dechir and Patrick Thornbrugh knew or should have known that their action would result in Maria suffering serious emotional distress.

185.     As a direct and proximate result of the conduct of Defendant, Paul Dechir, and Patrick Thornbrugh, Maria suffered grievous injury and damage including, but not limited to past, present, and future medical and psychiatric expenses, emotional distress, and mental anguish and pain, including humiliation, embarrassment, depression, anxiety, anger, and lost enjoyment of life.

186.     Paul Dechir and Patrick Thornbrugh were at all relevant times ICE agents employed by Defendant United States of America and acting within the scope of their employment.

## COUNT IX

**PLAINTIFF MARIA BARAHONA V. DEFENDANT UNITED STATES OF AMERICA**

**FTCA – 28 U.S.C. § 1346(b)**

**Negligent Infliction of Emotional Distress**

187.     Paragraphs 1-186 above are incorporated by reference as if set forth fully in Count IX.

188.     Patrick Thornbrugh had a duty to Maria to refrain from physical contact with her, and to promptly provide care and protection to Maria once he became aware of Maria's physical injuries.

189.     Paul Dechir and Patrick Thornbrugh had a duty to Maria to promptly report her physical injuries.

190.     Paul Dechir and Patrick Thornbrugh should have known that their conduct involved an unreasonable risk of causing emotional distress to Maria.

191.     Paul Dechir and Patrick Thornbrugh's actions involved an unreasonable risk to Maria that Defendant United States of America should have realized.

192.     Paul Dechir and Patrick Thornbrugh failed to perform each of their duties identified above.

193.     Maria's mental and emotional injuries and trauma arising from Paul Dechir and Patrick Thornbrugh's negligence are medically diagnosable and medically significant.

194.    Paul Dechir and Patrick Thornbrugh's actions described above caused Maria extreme emotional distress.

195.    The emotional distress sustained by Maria was severe and of such a nature that no reasonable person could be expected to endure it.

196.    Maria suffered medically significant and diagnosable distress as a result of Defendants' actions.

197.    Paul Dechir and Patrick Thornbrugh were at all relevant times ICE agents employed by Defendant United States of America and acting within the scope of their employment.

## COUNT X

## PLAINTIFF MARIA BARAHONA V. DEFENDANT UNITED STATES OF AMERICA

## FTCA – 28 U.S.C. § 1346(b)

## Negligence

198.    Paragraphs 1-197 above are incorporated by reference as if set forth fully in Count X.

199.    Patrick Thornbrugh had a duty to Maria to refrain from physical contact with her, and to promptly provide care and protection to Maria once he became aware of Maria's physical injuries.

200.    Paul Dechir and Patrick Thornbrugh had a duty to Maria to promptly report Maria's physical injuries.

201.    Defendants failed to perform each of their duties identified above.

202.    As a result of Defendants' breach of their duties, Maria suffered damages.

203.   Paul Dechir and Patrick Thornbrugh were at all relevant times ICE agents employed by Defendant United States of America and acting within the scope of their employment.

## COUNT XI

**PLAINTIFF MARIA BARAHONA V. DEFENDANT UNITED STATES OF AMERICA**

**FTCA – 28 U.S.C. § 1346(b)**

**Negligent Supervision**

204.   Paragraphs 1-203 above are incorporated by reference as if set forth fully in Count XI.

205.   Paul Dechir and Patrick Thornbrugh are both in an employee-employer relationship with Defendant United States of America as ICE agents.

206.   Defendant United States of America had a duty to prevent its employees and/or its agents from causing physical harm to a third party, namely Maria.

207.   Defendant United States of America breached its duty by failing to ensure its employees or agents do not illegally physically harm individuals like Maria.

208.   Defendant United States of America failed to ensure that its employees and/or agents do not illegally physically harm individuals like Maria.

209.   As a direct and proximate result of Defendant United States of America's negligent conduct, Maria suffered avoidable injuries and damages.

210.   Defendant United States of America's negligence caused Maria to suffer extreme and extended physical, mental, and emotional pain and distress, including suffering medical expenses and other harms.

211. Paul Dechir and Patrick Thornbrugh were at all relevant times ICE agents employed by Defendant United States of America and acting within the scope of their employment.

## COUNT XII

### PLAINTIFF SUYAPA TAYLOR V. DEFENDANTS PAUL DECHIR AND PATRICK THORNBRUGH

### Federal Constitutional Claim

### Use of Excessive Force

212. Paragraphs 1-211 above are incorporated by reference as if set forth fully in Count XII.

213. The use of excessive force is a violation of the individual's Fourth Amendment rights against unreasonable seizures of the person.

214. An officer cannot use more force than is objectively reasonable under the particular circumstances.

215. On October 25, 2021, Defendants Paul Dechir and Patrick Thornbrugh used objectively unreasonable force against Sue.

216. A reasonable and prudent officer would have known that, under the circumstances, physically ambushing, grabbing, dragging, pushing, forcing, and shoving Sue and then abducting, kidnapping, and detaining Sue against her will for approximately an hour was excessive.

217. Defendants Paul Dechir and Patrick Thornbrugh intentionally injured Sue without just cause.

218.    Sue's right to be free of excessive force was clearly established at the time of the incident.

219.    Defendants Paul Dechir and Patrick Thornbrugh were acting under color of law in subjecting Sue to the violation of her rights as secured by the Fourth Amendment.

220.    Sue suffered damages, including physical injury and pain and emotional trauma, as a result of Paul Dechir and Patrick Thornbrugh's use of excessive force against her.

## COUNT XIII

## PLAINTIFF SUYAPA TAYLOR V. DEFENDANTS PAUL DECHIR

## AND PATRICK THORNBRUGH

### Federal Constitutional Claim

### Unlawful Search and Seizure

221.    Paragraphs 1-220 above are incorporated by reference as if set forth fully in Count XIII.

222.    Defendants Paul Dechir and Patrick Thornbrugh unreasonably detained Sue in the Dodge Charger for approximately fifteen minutes going towards the undisclosed ICE building.

223.    Defendants Paul Dechir and Patrick Thornbrugh unreasonably detained Sue in the ICE building and cell for approximately thirty minutes.

224.    Defendants Paul Dechir and Patrick Thornbrugh unreasonably detained Sue in the Dodge Charger for approximately fifteen minutes before releasing her at Happy Rock Park.

225.    Defendants Paul Dechir and Patrick Thornbrugh unreasonably seized and searched Sue.

226.    Defendants Paul Dechir and Patrick Thornbrugh had no probable cause or any reasonable suspicion to detain Sue for any length of time.

227.    Defendants Paul Dechir and Patrick Thornbrugh had no probable cause to seize Sue.

228.    Sue did not consent to Defendants Paul Dechir and Patrick Thornbrugh seizing her and her car keys.

229.    Defendants Paul Dechir and Patrick Thornbrugh were acting under color of law in subjecting Sue to the violation of her rights as secured by the Fourth Amendment.

230.    Sue suffered damages as a result of Defendants Paul Dechir and Patrick Thornbrugh's actions.

## COUNT XIV

### PLAINTIFF MARIA BARAHONA V. DEFENDANT PATRICK THORNBRUGH

### Federal Constitutional Claim

### Use of Excessive Force

231.    Paragraphs 1-230 above are incorporated by reference as if set forth fully in Count XIV.

232.    The use of excessive force is a violation of the individual's Fourth Amendment rights against unreasonable seizures of the person.

233.    An officer cannot use more force than is objectively reasonable under the particular circumstances.

234.    On October 25, 2021, Defendant Patrick Thornbrugh used objectively unreasonable force against Maria.

235.    A reasonable and prudent officer would have known that, under the circumstances, Maria (in her sixties) being physically assaulted, punched, shoved, and pushed to the ground by Patrick Thornbrugh was excessive.

236.    Defendant Patrick Thornbrugh intentionally injured Maria without just cause.

237.    Maria's right to be free of excessive force was clearly established at the time of the incident.

238.    Defendant Patrick Thornbrugh was acting under color of law in subjecting Maria to the violation of her rights as secured by the Fourth Amendment.

239.    Maria suffered damages, including physical injury and pain and emotional trauma, as a result of Patrick Thornbrugh's use of excessive force against her.

<u>**Request for Relief**</u>

WHEREFORE, Plaintiffs Suyapa Taylor and Maria Elena Ulloa Barahona respectfully request that this Court:

A.    Enter judgment in favor of Plaintiffs and against Defendants;

B.    Award Plaintiffs compensatory damages from the United States in an amount to be proven at trial;

C.    Award Plaintiffs compensatory damages against Defendants Paul Dechir and Patrick Thornbrugh;

D.    Award Plaintiffs punitive damages against Defendants Paul Dechir and Patrick Thornbrugh;

E.    Enter a declaration that Defendants violated the Fourth Amendment rights of Plaintiffs by using excessive force;

F.    Enter a declaration that Defendants violated the Fourth Amendment rights of Plaintiff Suyapa Taylor by subjecting her to an unlawful search and seizure;

G.    Award Plaintiffs their reasonable attorneys' fees and costs;

H.     For an award to Plaintiffs of the costs and expenses of this litigation.

I.     For pre-judgment interest as provided by law.

J.     For post-judgment interest as provided by law.

K.     Allow such other and further relief as the Court deems just and appropriate.

**<u>Demand for Jury Trial</u>**

Plaintiffs request a trial by jury on their constitutional claims and allegations of wrongful conduct alleged in their Complaint for Damages.

RESPECTFULLY SUBMITTED,

HUMPHREY, FARRINGTON & McCLAIN, P.C.

<u>/s/ Kenneth B. McClain</u>
Kenneth B. McClain, #32430
Humphrey, Farrington & McClain, P.C.
221 West Lexington, Ste. 400
Independence, Missouri 64051
(816) 836-5050
(816) 836-8966 (Fax)
kbm@hfmlegal.com
ATTORNEY FOR PLAINTIFFS